**Matthew F. KRIZMAN**

v.

**Irvine H. BOUCHARD, d.b.a. Radio Distributing Company, and also as Amalgamated Electronics Associated.**

**Civ. No. 1461.**

United States District Court
N. D. Indiana, South Bend Division.

June 29, 1956.

Fred B. Dressel, Eugene C. Knoblock, South Bend, Ind., for plaintiff.

John W. Montgomery, M. A. Hobbs, South Bend, Ind., for defendant.

PARKINSON, Judge.

This is a patent infringement action, with prayer for an injunction against further infringement and damages.

The patent is on an antenna mounting base. It was issued on February 17, 1953. This action was filed 3 days thereafter.

It is the law that to be patentable, a combination of individually old elements must be new, and those elements must cooperate to produce a new and unexpected or unobvious result.

The plaintiff, in a more or less ingenious manner, took some old elements, made some changes therein, and did produce an antenna mounting base composed of a combination thereof which was new and thereby combined those elements so that they cooperated to produce a new and unexpected or unobvious result. We, therefore, in the light of the presumption of validity which attaches to the grant, hold that the patent is valid.

As to whether Plaintiff's Exhibit No. 6 would have constituted an infringement of plaintiff's patent we do not decide because immediately upon the issuance of the patent the defendant discontinued the sale thereof and there is no evidence that he intends to engage in the manufacture or sale thereof now.

As a general rule there can be no infringement of a patent before it is issued. If there be an exception to that rule in a case where, in advance of the granting of a patent, an invention is disclosed to one who, *in breach of confidence thus reposed,* manufactures and sells articles embodying the invention, it would not apply here because there is no evidence in this record of any confidential disclosure by the plaintiff to the defendant. The evidence is all to the contrary. The plaintiff made disclosure to several persons, and it was long after the termination of the relationship between the parties hereto, and the plaintiff had placed his antenna base on the market himself and had thereby made public disclosure, that the defendant commenced to sell Plaintiff's Exhibit 6 which had been manufactured for him.

While it is true that the defendant knew that the plaintiff had made application for a patent, the evidence also shows that his application had been four times rejected by the Patent Office and the defendant had no knowledge that a patent had been granted until February 20, 1953, three days after it was issued, when he immediately discontinued the sale of Plaintiff's Exhibit 6. Defendant's Exhibit 17 shows that plaintiff made application for a patent on May 24, 1950, with rejections on May 10, 1951, January 2, 1952, June 4, 1952 and October 1, 1952—the order of October 1, 1952 ending with these words "This action is made Final."—, and with the grant dated February 17, 1953.

Therefore, the court having considered all of the evidence, the arguments of counsel, and the law applicable thereto, does now make the following

## Findings of Fact

### 1

This court has jurisdiction of the parties to and the subject matter of this action.

### 2

Plaintiff is the owner of Patent No. 2,628,796, for an antenna mounting base, and was the owner thereof when this suit was filed.

### 3

The antenna mounting base disclosed in plaintiff's Patent No. 2,628,796, and defined in the claim thereof, comprises a rigid base plate having a central offset and adapted to be secured to a supporting surface of varying shapes, a U-shaped bracket having a central part pivoted to the off-set of the base and spaced parallel legs, and spaced V-shaped clamp parts pivoted on an axis at an angle to the first pivot and at their centers between the legs of the U bracket, and are narrow to permit reception and clamping of antenna masts of a wide range of sizes.

### 4

The antenna mounting base disclosed in plaintiff's Patent No. 2,628,796 possesses a number of advantages including a universal joint action which permits any required angular adjustment to be made while it is secured to any supporting surface, thus accommodating safe and more facile installation, and including low cost manufacture and compact packaging.

### 5

Plaintiff's commercial antenna mounting base, exemplified by Plaintiff's Exhibit 5, embodies the invention of the patent in suit and met with trade acceptance because of its advantages.

### 6

The device of the patent in suit constitutes a novel and inventive combination and arrangement of parts accomplishing results not possible with prior devices.

**7**

The claim of the patent in suit defines a new combination and arrangement of elements possessing novelty and invention over all of the prior art.

**8**

Plaintiff is the first and true inventor of the antenna mounting base forming the subject of the patent in suit.

**9**

Plaintiff complied with the patent laws in preparing, filing and prosecuting the application for the patent in suit.

**10**

The claim of the patent in suit is clear when considered with the specification and drawing of the patent.

**11**

In the year 1949, and for some time prior thereto, the defendant was engaged in the radio and television parts and accessory business in South Bend, Indiana, and was familiar with the needs of the trade.

**12**

Prior to December 13, 1949, the plaintiff communicated his idea for the antenna mounting base to divers persons, including the defendant, but none of such communications were in confidence.

**13**

On December 13, 1949, the defendant gave the plaintiff an order for 10,000 antenna mounting bases and in August 1950 an order for 6,000 more under an oral contract wherein the plaintiff was to make them for the defendant only.

**14**

Prior to the completion of the second order of the defendant, the plaintiff breached and terminated said contract.

**15**

After breaching the contract with the defendant, the plaintiff solicited orders generally and placed his antenna mounting base on the market and was selling it direct to the public generally and had made full disclosure to the public.

**16**

After the plaintiff had been selling his antenna mounting base to the public and had made full disclosure publicly thereof, the defendant placed an order with the Cayo Manufacturing Company for an antenna mounting base, exemplified by Plaintiff's Exhibit 6.

**17**

There was no disclosure to the defendant by the plaintiff in confidence.

**18**

Patent No. 2,628,796 was granted to the plaintiff on February 17, 1953 and on February 20, 1953 he filed this action and immediately upon notice, the defendant discontinued all sales of the antenna mounting base identified as Plaintiff's Exhibit 6.

**19**

The defendant has not infringed the plaintiff's patent.

Upon the foregoing findings of fact, the court does now state its

## Conclusions of Law

**1**

This court has jurisdiction of the parties to and the subject matter of this action.

**2**

The claim of the Krizman Patent No. 2,628,796 is valid.

**3**

Patent No. 2,628,796 issued to the plaintiff on February 17, 1953 is a valid patent.

**4**

The defendant has not infringed and does not infringe plaintiff's Patent No. 2,628,796.

**5**

The plaintiff is not entitled to an injunction against the defendant.

**6**

Neither party is entitled to recover attorneys' fees from the other.

7

A judgment should be entered that Patent No. 2,628,796 is valid; that plaintiff is not entitled to an injunction against the defendant and that the defendant has not infringed Plaintiff's Patent No. 2,628,796, and that the plaintiff take nothing by reason of his complaint at the costs of the plaintiff.

The clerk will enter judgment accordingly, and

It Is So Ordered.